J},, the Court.

Daniel Grafton, the appellee, brought this suit, in the Court of the seventh Dis-tnct, tor a sum by him claimed as the pnce of a tract nf {ancj5 which he averred to have sold to the defendant the present appellant. No written act of the alledged sale was exhibited, but the plaintiff offered testimonial proof of that contract and of the possession which the appellant had under it. To the introduction of such evidence the appellant objected, and his objection being overruled he excepted to the opinion of the judge. Upon this bill of exceptions the case is brought before this Court.
It is alledged by the appellee
1. That the bill of exceptions was not tendered in due time, and is therefore entitled to no attention :
*487 West. District.
October 1814.
2. That supposing the bill of exceptions to be regularly entered,, yet the admission of oral evidence in this instance was right, because the contract was in part performed ; and that such a contract, after it has been partly carried into effect, is no longer within the purview of the law which declares null the verbal sale of an immoveable.
The fact from which we are to deduce that the bill of exceptions was not tendered in open court at the trial, is that the instrument purporting to be a bill of exceptions contains matter which at that time could not be known, to wit, that an . appeal had been claimed, and that a transcript of the depoáitions was, together with the bill of exceptions, sent to the Supreme Court. But, although this instrument evidently must have been written since the trial, it does by no means follow that a bill of exceptions was not tendered then.
The judge may have put it afterwards in the form which it now bears ; at least we are bound to presume so from the expressions which he . uses, to wit, that “the counsel did then and there “ (speaking of the trial) except to the opinion of “ the court, and requested the court to sign and “ seal this his bill of exceptions.” This positive declaration of the judge is not to be counterbalanced by merehints and presumptions : nothing but contrary proof could shake it.
*488 But the appellee contends that admitting: the, bill of exceptions to have been -tendered m time, yet it will not avail the appellant, because the oral evidence objected to vyas rightfully received in this case.
The general rule is that no verbal sale of im-moveables or slaves shall be valid, and that no testimonial proof of such sales shall be heard. But, says the appellee, where there has been part performance of the contract, this law ought not to apply it was not intended for such cases. Weak indeed would be the power of the laws, if their commands could be disobeyed under such pre-tences. If the sale of an immoveable cannot be proved by witnesses, neither can the performance ; until the existence of the contract is ascertained. In this case, proving mere possession would have amounted to nothing; proving possession under the sale was the object. But if there was no proof of the sale, how could the witnesses preve possession under it ?
We, therefore, think that the district Judge erred in admitting such evidence, and we do accordingly adjudge and decree that the judgment of the District Court be reversed, and that the cause be remanded for a new trial to the said court, with-instructions to the Judge not tó admit oral evidence of the contract of sale which is the subject of this suit.